UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAZMINE AGUINIGA                                                                               PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:15cv562-DPJ-FKB

SALBADOR DELGADO, et al.                                                              DEFENDANTS

ORDER

This employment-discrimination case against multiple defendants is before the Court on four motions to dismiss [13, 15, 17, and 29]. Plaintiff opposes the motions, but for the reasons that follow, the Court concludes that dismissal without prejudice is appropriate.

I.    Background

Plaintiff Jazmine Aguiniga is a former poultry-plant employee who claims that she was sexually harassed by a supervisor and that Defendants allowed the conduct to continue unabated until she eventually lost her employment. Aguiniga appears to have filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") naming M.T. Poultry, Inc. as her employer, though the only charge in the record is unsigned and undated. *See* Compl. ¶ 11; Charge [29-1]. Regardless, the EEOC sent Aguiniga and M.T. Poultry a Notice of Suit Rights dated May 13, 2015. Notice [29-2].

After receiving this notice, Aguiniga sued M.T. Poultry, referring to it as M.T. Poultry, Inc., a/k/a P.H. Food, Inc. She also sued Salbador Delgado; Leyen Food, LLC; PMI Services, LLC; and Southern Knights Industrial Services, LLC ("Southern Knights"). In her Complaint, she asserted claims for negligent infliction of emotional distress ("NIED") and for discrimination and retaliation under Title VII of the Civil Rights Act of 1964. All corporate Defendants have now moved to dismiss.

II.     Standard

Turning to the applicable standard, under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

*Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Ordinarily, a court decides a motion to dismiss for failure to state a claim by looking only at the face of the complaint, unless it converts the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).  That said, some documents outside the pleadings may be considered under Rule 12(b)(6).  For example, documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and . . . central to her claim," are considered part of the pleadings. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  A district court is also permitted to rely on matters of public record when ruling on a Rule 12(b)(6) motion without converting it to a motion for summary judgment.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).  With these standards in mind, the Court turns to Defendants' arguments.

III.    Analysis

   A.   Title VII

Defendants P.H. Food, Leyen Food, M.T. Poultry, and Southern Knights moved for dismissal of the Title VII claims, asserting that they never employed Aguiniga.  Though PMI Services filed no such motion, it has sought dismissal of the Title VII claims on exhaustion grounds because Aguiniga's EEOC charge named only M.T. Poultry as her employer.  The other corporate Defendants soon joined in that argument, as they too—other than M.T. Poultry—were excluded from the EEOC charge.  The Court will look first at the exhaustion issue and then the employer-status argument.

1.      Failure to Exhaust

The Fifth Circuit recently reiterated the "general rule that 'a party not named in an EEOC charge may not be sued under Title VII.'" *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)).  But exceptions do exist.  In particular, entities that are not named in an EEOC charge may still face suit if they share an "identity of interests" with an employer that was named in the EEOC charge.  *Id.* (citing *Way*, 840 F.2d at 307); *see also Hartz v. Adm'rs of Tulane Educ. Fund*, 275 F. App'x 281, 286–87 (5th Cir. 2008) (reversing Rule 12(b)(6) denial and remanding for further proceedings where the plaintiff named only one of two defendants in EEOC charge).  Another exception exists when the defendant receives "actual notice of the charge and an opportunity to participate in conciliation."  *Simbaki, Ltd.*, 767 F.3d at 484.

The Fifth Circuit's identity-of-interests test includes the following four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Simbaki, Ltd.*, 767 F.3d at 482–83 (parens added) (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).[1]

---

[1] Aguiniga never directly addresses this legal test in her Response [34] and instead discusses the standards for integrated-enterprise status, which will be addressed next.

An independent review of Aguiniga's Complaint fails to produce facts sufficient to conduct the identity-of-interests analysis as to PMI Services, P.H. Food, Leyen Food, or Southern Knights. The Title VII claims against them are therefore dismissed for failure to exhaust administrative remedies.[2]

Defendant M.T. Poultry, on the other hand, was specifically named in the EEOC charge, so to the extent it joins in PMI Services' motion, the claims against M.T. Poultry were adequately exhausted.

### 2. Employer Status

M.T. Poultry raises a second argument—that "Plaintiff has pled no facts supporting her claim that she was employed by this Defendant except a bare unsupported allegation that <u>is simply untrue</u>." Def.'s Mem. [18] at 3 (emphasis in original). Though M.T. Poultry denies employing Aguiniga, the Court may not consider this assertion under Rule 12(b)(6). The Court will, however, consider whether Aguiniga's Complaint sufficiently alleges employer status.

"[G]enerally only employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). To determine whether M.T. Poultry

---

[2] The Court notes that P.H. Food, Inc. also contends that it is not properly named in the Complaint so the process it received should be quashed. Plaintiff generally concedes that she does not know the corporate relationships but does not otherwise address the motion to quash. The motion to quash is well-taken, as is P.H. Food's alternative merits-based arguments, and dismissal without prejudice is appropriate. If Plaintiff wishes to pursue a claim against P.H. Food, Inc., she will need to properly serve it with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (allowing the plaintiff to re-serve the party and noting that "[w]here there is 'a reasonable prospect that plaintiff ultimately will be able to serve defendant properly,' the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case." (quoting Charles Alan Wright & Arthur R. Miller, 5B Federal Practice and Procedure § 1354 (3d ed. 2004)).

employed Aguiniga, the Court starts with the "hybrid economic realities/common law control test." *Deal v. State Farm Cty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993) (quoting *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990)). "The right to control an employee's conduct is the most important component of this test," and courts consider "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* at 119. "The economic realities component of [the] test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* (quoted in *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015)).

But these tests are not the end of the inquiry. The Fifth Circuit has "long held that 'superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise' (*i.e.*, a single employer)." *Schirle v. Sokudo USA, LLC*, 484 F. App'x 893, 898 (5th Cir. 2012) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)). The Fifth Circuit explained the integrated-enterprise test in *Trevino*:

> Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations. *Oaks v. City of Fairhope*, 515 F. Supp. 1004 (S.D. Ala. 1981); *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722, 727 (N.D. Ala. 1981); *EEOC v. Cuzzens of Georgia*, 15 Fair Empl. Prac. Cas. 1807 (N.D. Ga. 1977), *rev'd on other grounds*, 608 F.2d 1062 (5th Cir. 1979). This criterion has been further refined to the point that "[t]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Odriozola v. Superior Cosmetic Distributors, Inc.*, 531 F. Supp. 1070, 1076 (D.P.R. 1982).

701 F.2d 397, 404 (5th Cir. 1983) (footnotes omitted); *see also Turner*, 476 F.3d at 344 (analyzing *Trevino* factors to determine whether two entities acted as single employer under Title VII).

Here, Aguiniga asserts that M.T. Poultry and the other Defendants were integrated enterprises and thus should be deemed a single employer. But her Response [34] demonstrates that she does not presently know whether her claim is true:

> Plaintiff has no knowledge of the roles and/or contracts between the Defendants as there was no signage in the plant to give her notice that any entity other than Leyan [sic] Foods or MT Poultry were her employers. Plaintiff has become aware that other entities, PMI Services and Southern Knights, have some role in hiring and supervising personnel, but at this stage of the litigation, no discovery having been done, Plaintiff cannot say specifically which of the Defendants, if not all, are liable.

Pl.'s Mem. [23] at 2.

Aguiniga did try to supplement the record on these points with references to websites, informal conversations, and M.T. Poultry's Certificate of Good Standing with the Secretary of State. Other than the certificate, the other information is beyond the scope of review under Rule 12(b)(6). *See Fin. Acquisition Partners LP*, 440 F.3d at 286; *Causey*, 394 F.3d at 288. And her plea for discovery is likewise unavailing. "Because the court is directed to look solely at the allegations on the face of the pleadings, discovery would not assist the Plaintiffs in defending the 12(c) motion." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *see also Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) ("[A Rule] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits.").

So the Court must determine whether the factual averments Aguiniga actually made pass the hybrid economic-realities/common-law-control tests or the test for integrated-enterprise status (assuming it applies in this context). They do not. First, Aguiniga pleads that she "formerly worked for the corporate defendants." Compl. [1] ¶ 1. But she does not state which one she worked for specifically, and any suggestion that it was all of them is conclusory and speculative. Second, she avers that "Defendants are an employer, employment agency, or labor organization within the meaning of 42 U.S.C. 2000e(b), (c), or (d)." *Id.* ¶ 10. But this statement is merely a legal conclusion. *See Twombly*, 550 U.S. at 555 (finding as conclusory averment that petitioners adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group").

In her most substantive attention to the issue, Aguiniga contends that Defendants have the following relationships:

> On information and belief, there is a division of responsibilities for the operation of the plant among the corporate defendants. Upon information and belief, PMI Services hires and pays employees on behalf of Leyen Foods and/or MT Poultry. Upon information and belief, there is a relationship between PMI and Southern Knights and that Southern Knights paid Salbador Delgado [the managerial employee to whom she complained]. It is uncertain if PMI or Southern Knights was the direct employer of a supervisor named Julio [the alleged harasser] (last name unknown). Upon information and belief, under the law, all Defendants would be responsible in some fashion for the acts described herein.

Compl. [1] ¶ 5.

These averments in paragraph five are a mix of legal conclusions, threadbare factual assertions, and some factual content. But none addresses the hybrid economic-realities/common-law-control test or the *Trevino* factors for integrated-enterprise status. Most significantly, Aguiniga has not plausibly shown that M.T. Poultry "made the final decisions regarding

employment matters" related to her. *Trevino*, 701 F.2d at 404. And the Certificate of Good Standing she attached to her response does not plug this gap. *See* Certificate [22-1]. It merely shows that M.T. Poultry and P.H. Foods share the same principal office address and incorporator. *Id.* At bottom, there is simply not enough factual content to state a plausible claim under Title VII that M.T. Poultry employed Aguiniga. Accordingly, the Title VII claims against M.T. Poultry are dismissed.[3]

### B. NIED

All corporate Defendants assert that the NIED claim should be dismissed based on worker's compensation exclusivity. Plaintiff did not respond to this argument, so the motion is granted.

### C. Dismissal Without Prejudice

Plaintiff failed to sufficiently allege: (1) which Defendant employed her; (2) that Defendants not named in the EEOC charge shared an identity of interests with M.T. Poultry, the entity she did name; or (3) that M.T. Poultry and her employer were integrated enterprises for purposes of Title VII. But "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibi[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

---

[3] Had the claims against the other Defendants been exhausted, they would also fail for this reason.

It is not apparent whether Aguiniga pleaded her best case, making it improper to permanently close the courthouse doors on her claims.  Accordingly, she will be given an opportunity to seek leave to amend the Title VII claims.  If she files such a motion, she must attach a proposed amended complaint that addresses the deficiencies identified above.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not change the results.  For the reasons stated, Defendants' motions to dismiss [13, 15, 17, and 29] are granted.  The Title VII claims against the moving Defendants are dismissed without prejudice.  The NIED claims are dismissed with prejudice.  Finally, the parties are instructed to contact the magistrate judge to set a telephonic conference during which they should discuss a new scheduling order that includes a deadline for motions to amend.

**SO ORDERED AND ADJUDGED** this the 28th day of June, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE